UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

NANCY ALANIS,

  *Plaintiff*,

v.                                            Case No.  SA-21-CV-01261-JKP

WELLS FARGO BANK, N.A.,  WELLS
FARGO BANK, NATIONAL ASSOCI-
ATION, AS TRUSTEE FOR THE
POOLING AND SERVICING
AGREEMENT DATED AS OF OCTO-
BER 1, 2006 SECURITIZED ASSET
BACKED RECEIVABLES LLC
TRUST 2006-NC3 MORTAGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-NC3;  MACKIE WOLF
ZIENTZ & MANN, PC, AS DEBT
COLLECTOR; MARK D. CRONEN-
WETT, RICHARD DWAYNE DAN-
NER,

  *Defendants*.

## O R D E R

    Before the Court is Wells Fargo Bank's Motion to Declare Plaintiff a Vexatious Litigant. *ECF Nos. 10, 13*. This Court granted Plaintiff Nancy Alanis's Motion for Leave to File a Response to this Motion. *ECF No. 15 and Text Order granting.* Wells Fargo Bank's Motion to Declare Plaintiff a Vexatious Litigant is **GRANTED**.

### FACTUAL BACKGROUND

    The Wells Fargo Defendants request this Court declare Alanis a vexatious litigant based upon an extensive litigation history involving the same factual dispute and factual foundation and against the same defendants. To prevent future harassing and abusive litigation, Wells Fargo

Bank requests this Court enjoin Alanis from filing any additional suit unless granted written authorization from this Court. In her Response, Alanis "incorporates her First Amended Complaint herein as though repeated in full verbatim." *ECF No. 15*. On this same date, this Court denied Alanis's Motion for Leave to File First Amended Complaint.

## DISCUSSION

### Legal Standard

Pursuant to Federal Rule of Civil Procedure 11, to prevail on a motion for sanctions, the movant must first serve the motion on the offending party and give the nonmovant 21 days to cure or withdraw the offending pleading. Fed. R. Civ. P. 11(c)(2); *Elliott v. Tifton*, 64 F.3d 213, 216 (5th Cir. 1995). This "safe harbor" provision is mandatory and provides the nonmoving party an opportunity to respond and explain themselves. *Id*.

In addition to the authority granted by Federal Rule 11, the federal courts also have the inherent authority to take steps to protect the integrity of the court from vexatious litigants. Courts must exercise this inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)(per curiam) (citing *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764 (1980)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* However, "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Therefore, "the threshold for the use of inherent power sanctions is high," and the Court must find bad faith before using its inherent powers to impose sanctions. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995); *Elliott*, 64 F.3d at 217.

An appropriate exercise of a court's inherent powers is to issue pre-filing injunctions against vexatious litigants. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). This sanction of a pre-filing injunction may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court may impose a prefiling sanction on a vexatious litigant upon a finding of such abuse; however, the injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 360. Before issuing a pre-filing injunction, a court must weigh all the relevant circumstances, including: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum*, 513 F.3d at 189; *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218–19 (N.D. Tex. 2020). In punishing abusive or harassing misbehavior, a court should impose no more than the minimal sanctions necessary to correct the offending conduct, and the imposition of sanctions must not result in total, or even significant, preclusion of access to the courts." *In re First City Bancocorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 882 n.23 (5th Cir. 1988) (en banc).

## Analysis

The Wells Fargo Defendants complied with the safe harbor provision, as they served this Motion on Alanis on January 19, 2022. On the 14th day after service, February 2, 2022,

3

Alanis filed a Motion for Leave to File a Response, which incorporated her response, and which this Court granted. Alanis also filed a Motion for Leave to Amend her Complaint that same day. This Court denied that Motion for Leave for the reasons stated in the Court's contemporaneous Memorandum Opinion and Order issued this same day.

In her Response to this Motion and in her Motion for Leave to File Amended Complaint, Alanis did not cure or withdraw her pleading, but instead sought to make additional harassing statements and allegations in her proposed 226 page Amended Complaint. *ECF No. 17*. For this reason, the Court concludes the Wells Fargo Defendants satisfied the safe harbor provision, and Alanis has had ample opportunity to respond and explain herself. *See* Fed. R. Civ. P. 11(c)(2); *Elliott*, 64 F.3d at 216.

This case arises out of a foreclosure dispute between Plaintiff Nancy Alanis and Defendants pertaining to Alanis's mortgage loan secured by residential real property. The following chart provides a recitation of the protracted litigation history based upon this foreclosure dispute[1]:

| INITIATION DATE | PARTIES | COURT | NATURE OF PROCEEDING | DISPOSITION |
|---|---|---|---|---|
| February 22, 2011 | Nancy Alanis v. Trustee, Mackie Wolf Zientz & Mann PC ("Mackie Wolf"), Ocwen and HomEq Servicing Corporation | 45th District Court of Bexar County, Texas; Case No. 2011-CI-02839 | Lawsuit challenging Trustee's right to foreclose and asserting claims for fraud, civil conspiracy, violations of Section 12.002 of the TEX. CIV. PRAC. & REM. CODE ("CPRC"), unjust enrichment, trespass to try title, intentional infliction of emotional distress, violations of the Texas Debt Collection Act, and declaratory judgment ("2011 Lawsuit"). | March 3, 2016, judgment entered judicially foreclosed on the Deed of Trust, and ordered the Bexar County Sheriff Department to conduct a sale of the Property ("2016 Final Judgment"). |

---

[1] This Chart was provided by Wells Fargo Bank in the Motion, and Alanis does not dispute it.

| Date | Parties | Court | Nature | Outcome |
|---|---|---|---|---|
| | | | Plaintiff proceeded to file Seven Amended Petitions. | |
| March 8, 2016 | Nancy Alanis v. Trustee, Mackie Wolf, Ocwen and HomEq Servicing Corporation | 4th Court of Appeals, Texas, San Antonio; Case No. 04-16-00121 | Appeal of the 2016 Final Judgment | April 4, 2018, Memorandum Opinion affirming the 2016 Final Judgment ("2018 Court of Appeals Order). December 7, 2018, Mandate issued("2011 Lawsuit Mandate). |
| July 27, 2018 | Nancy Alanis v. Trustee, Mackie Wolf, Ocwen and HomEq Servicing Corporation | Texas Supreme Court; Case No. 18-0617 | Petition for Review of the 2016 Final Judgment | August 31, 2018, petition for review denied ("2018 Denial of Petition for Review). November 30, 2018, motion for rehearing denied ("2018 Supreme Court of Texas Order"). |
| January 14, 2019 | Trustee v. Nancy Alanis | Bexar County Court at Law No. 10; Case No. 2019-CV-00584 | Eviction proceedings | March 26, 2019, final judgment for possession in favor of Trustee ("Eviction Judgment). |
| June 24, 2019 | Nancy Alanis v. Trustee | 4th Court of Appeals, Texas, San Antonio, Case No. 04-19-00461-CV | Appeal of the Eviction Judgment | June 15, 2021, affirmed the Eviction Judgment ("Eviction Mandate). |
| February 8, 2021 | Nancy Alanis v. Trustee | Texas Supreme Court; Case No. 20-0798 | Petition for Review of affirmed Eviction Judgment | March 19, 2021, petition for review denied ("2021 Denial of Petition for Review). June 11, 2021 motion for rehearing denied ("Denial of Motion for Rehearing). |

5

| April 6, 2021 | Nancy Alanis v. Trustee | Texas Supreme Court; Case No. 21-0311 | Petition for Writ of Mandamus | May 14, 2021, denied ("Denial of Petition for Writ of Mandamus). July 9, 2021, denied amended motion for rehearing ("Denial of Motion for Rehearing of Writ Denial). |
| --- | --- | --- | --- | --- |
| February 14, 2019 | Nancy Alanis v. Trustee, Ocwen, Mackie Wolf | 45th District Court of Bexar County, Texas; Cause No. 2019-CI-03042 | Petition for Bill of Review to collaterally attack and set aside the 2016 Final Judgment. ("2019 Lawsuit") | August 2, 2019, order disposing of all issues and all parties ("2019 Final Judgment). |
| October 28, 2019 | Nancy Alanis v. Trustee, Ocwen, Mackie Wolf | 4th Court of Appeals, Texas, San Antonio, Texas; Case No. 04-19-00764-CV | Appeal of the 2019 Final Judgment. | April 29, 2020, Memorandum Opinion affirming the 2019 Final Judgment, finding that Plaintiff's claims asserted in the 2019 Lawsuit were barred by res judicata ("2020 Court of Appeals Order). June 15, 2021, Mandate issued affirming the 2019 Final Judgment ("2019 Lawsuit Mandate). |
| February 9, 2021 | Nancy Alanis v. Trustee, Ocwen, Mackie Wolf | Texas Supreme Court, Case No. 20-0803 | Petition for Review of the affirmed 2019 Final Judgment | March 12, 2021, denied ("2021 Denial of Petition for Review of the 2020 Court of Appeals Order). June 11, 2021 denied motion for rehearing ("2021 Denial of Rehearing Regarding the 2020 Court of Appeals Order). |
| April 30, 2021 | Nancy Alanis v. Wells Fargo, Trustee, Danner, Mackie Wolf, Jeffrey A. Hiller, Ocwen, Cronenwett | United States District Court for the Western District of Texas, San | Lawsuit challenging Trustee's right to foreclose and asserting claims for fraud, violation of RICO, violation of civil | August 17, 2021 dismissal of all claims with prejudice |

6

| | | | | |
|---|---|---|---|---|
| | | Antonio, Case No. 5:21-cv-00433-DAE | conspiracy, violation of Section 12.002 of the TEX. CIV. PRAC. & REM. CODE ("CPRC"), violation of Fair Debt Collection Practices Act, quiet title and declaratory judgment ("2021 Federal Action"). | |
| October 1, 2021 | Nancy Alanis v. Wells Fargo, Trustee and Cronenwett | 150th Judicial District Court of Bexar County, Texas; Cause No. 2021CI20923 | Lawsuit challenging Trustee's title and standing to foreclose, asserts claims for quiet title, trespass to title, fraud, tortious interference with a contract and declaratory judgment ("2021 State Court Action") | December 30, 2021- Court granted Alanis' notice of nonsuit of claims without prejudice |
| October 6, 2021 | Nancy Alanis v Wells Fargo, Trustee, and Cronenwett | United States District Court for the Western District of Texas, San Antonio, Case No. 5:21-cv-00952-FB | Lawsuit based on Cronenwett's representation of Ocwen Loan Servicing, LLC and Wells Fargo in previous lawsuits brought by Alanis. Alanis alleged Cronenwett "schemed" with Wells Fargo to obtain a March 3, 2016, foreclosure order in state court | October 8, 2021 Remanded to state court for lack of diversity jurisdiction |
| December 17, 2021 | Nancy Alanis v. Wells Fargo, Trustee, Cronenwett, Danner, Mackie Wolf | United States District Court for the Western District of Texas, San Antonio Division, Case No. 5:21-cv-01261 | Lawsuit challenging Trustee's standing to foreclose, title, asserting claims for fraud, violation of Section 12.002 of the CPRC, tortious interference with a contract, trespass to try title, quiet title, conspiracy. Alanis also complains of damage and conduct related to the eviction and asserts claims for violation of due process, conversion and violation of the Texas Theft Liability Act. | Current suit |

Based upon this represented litigation history, and even just the litigation history in this federal court, Alanis's lawsuits are duplicative, harassing, and burdensome to the Court and the

parties who must defend against them. While at some point Alanis may have had a good faith basis to pursue legal action, these duplicative lawsuits based upon the same operative facts no longer have any good faith basis and are now based in bad faith. The Court finds alternative sanctions are not available or will be ineffective, and imposition of monetary sanctions or fines would not protect the defendants. Further, a Texas state court has also weighed these factors and designated Alanis to be a vexatious litigant pursuant to Chapter 11 of the Texas Civil Practice and Remedies Code.

Having considered the above, the Court believes the appropriate sanction here is to declare Nancy Alanis as a vexatious litigant and enjoin Nancy Alanis from filing any civil lawsuit in the Western District of Texas without first obtaining permission from a judge of the Western District of Texas. *See Walters v. Tenant Background Search*, No. 1:16-CV-1092-DAE-AWA, 2019 WL 4849204, at *4–6 (W.D. Tex. Sept. 30, 2019).

It is so ORDERED.
SIGNED this 17th day of February, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE