UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

NANCY ALANIS,

  *Plaintiff*,

v.                                                                 CASE NO.  SA-21-CV-01261-JKP

WELLS FARGO BANK, N.A.,  WELLS
FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
THE POOLING AND SERVICING
AGREEMENT DATED AS OF
OCTOBER 1, 2006 SECURITIZED
ASSET BACKED RECEIVABLES LLC
TRUST 2006-NC3 MORTAGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-NC3;  MACKIE WOLF
ZIENTZ & MANN, PC, AS DEBT
COLLECTOR; MARK D.
CRONENWETT, RICHARD DWAYNE
DANNER,

  *Defendants*.

## O R D E R

Before the Court is Plaintiff Nancy Alanis's Application for Emergency Temporary Restraining Order and Injunctive Relief (*ECF Nos. 1,4*), Motion for Leave to File Amended Complaint (*ECF No. 17*), and Motion for Leave to Vacate Wells Fargo's Order (*ECF No. 18*). Also before the Court are Defendants' Motion to Transfer Case to Judge David Ezra (*ECF No. 5,7*) and Motions to Dismiss (*ECF Nos. 8,11,12*). Alanis did not file a Response to Defendants' Motions to Dismiss, although she did respond to Defendants' Motion to Transfer. *ECF No. 6*.

Upon consideration, the Court concludes Defendants' Motions to Dismiss shall be **GRANTED** as unopposed. Accordingly, Alanis's request for Temporary Restraining Order and Injunctive relief are **DISMISSED AS MOOT**. Alanis's Motion for Leave to File Amended Complaint is **DENIED**. Alanis's Motion for Leave to Vacate Wells Fargo's Order is **DENIED**. Alanis's causes of action that are or may be asserted based upon the facts supporting this action are **DISMISSED WITH PREJUDICE**. Any other pending motions are **DENIED AS MOOT**.

On this same date, the Court issues an Order declaring Alanis a vexatious litigant. Alanis shall abide by the restrictions in this contemporaneous Order before filing any proceeding in this or any other federal Court.

## BACKGROUND

This case arises out of a foreclosure dispute between Plaintiff Nancy Alanis and Defendants. In this case Alanis asserts causes of action of: violation of her due process and equal protection rights under 42 U.S.C. §§1983, 1988, conversion of personal property and reckless damage or destruction, violations of Texas Theft Liability Act, violations of the Fair Debt Collections Act, fraud, fraudulent lien, tortious interference with a contract, trespass to try title, conspiracy, and she seeks Declaratory Judgment declaring void numerous judgments of the Texas state courts and bankruptcy courts.

In his Order Granting Motions to Dismiss in cause 5:21-cv-00433-DAE (the "433 action"), Judge David Ezra accurately and thoroughly outlines and describes the factual background and the extensive history of litigations initiated by Alanis against the parties in this cause, which are based upon the same factual foundation and allegations asserted here. Judge Ezra dismissed the 433 action on August 17, 2021, upon a finding that res judicata barred all

asserted causes of action. *433 action, ECF No. 54*. This extensive litigation history is also outlined in this Court's contemporaneous Order declaring Alanis a vexatious litigant.

Following dismissal in Judge Ezra's case, Alanis filed suit again in state court based upon the same causes of action and same procedural and factual background against the same Defendants. Wells Fargo removed the cause to this Court on October 6, 2021, and it was assigned to Judge Fred Biery as cause 5:21-cv-00952-FB. On October 8, 2021, Judge Biery issued an Order remanding the case based upon lack of diversity jurisdiction. *See 5:21-cv-00952-FB, ECF No. 5*. Judge Biery concluded Alanis and Defendant Mark Douglas Cronenwett are both Texas residents, and Wells Fargo did not meet the heavy burden of proving Cronenwett was improperly joined. *Id*. at p. 5.

On December 17, 2021, Alanis filed this action against the same Defendants as those cases previously dismissed by Judge Ezra and remanded by Judge Biery. In the statement of jurisdiction in her Complaint, Alanis states she is a Texas resident; Defendant Cronenwett is a Texas resident; Defendant Richard Dwayne Danner is a Texas resident; and Defendant Mackie Wolf Zientz & Mann is a Texas resident. To instill federal-question jurisdiction, Alanis adds as a cause of action a violation of due process and equal protection rights under 42 U.S.C. §§1983, 1988.

On January 13, 2022, Defendants Mark Cronenwett and the law firm Mackie Wolf Zientz & Mann PC (the Cronenwett Defendants) filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6). *ECF No. 10.* On January 20, 2022, the Wells Fargo Bank Defendants and Richard Danner (the Wells Fargo Defendants) filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6). *ECF No. 11, 12*. Alanis did not respond to either of these Motions to Dismiss by the

deadlines of January 27 and February 3, 2022, respectively. Instead, Alanis filed a Motion for Leave to File an Amended Complaint on February 2, 2022.

## LEGAL STANDARD

"A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion. . .. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. R. CV-7(d)(2) (2021). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, at *2.

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted. *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *see also McClellon v. Lone Star Gas Co.,* 66 F.3d 98, 103 (5th Cir. 1995); *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n. 6 (5th Cir. 2000). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt v. City of Pasadena,* 561 F.2d at 608–09. In the interest of justice, a plaintiff should be afforded every opportunity to state a claim upon which relief can be granted. *Hitt,* 561 F.2d at 608–09. Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Id*.

## DISCUSSION

1. **Alanis's Motion for Leave to Amend Complaint**

    Based upon the extensive litigation history of the facts and circumstances forming the basis of this action, which involves the same parties, the Court finds Alanis has been given every opportunity to present all possible pertinent causes of action and to formulate her causes of action with careful and detailed drafting. Because Alanis's claims in the numerous prior lawsuits and the present suit are based on the same nucleus of operative facts, she could have brought the claims she now asserts or seeks to assert in the proposed Amended Complaint in any of the previous lawsuits. For this reason, the interest of justice will not be served by granting Alanis leave to amend her Complaint, and the Motion for Leave to Amend the Complaint is denied. *See Hitt,* 561 F.2d at 608–09; *see also Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218 (N.D. Tex. 2020).

2. **Alanis's Motion for Leave to Vacate Court's Order**

    In this Motion, Alanis requests this Court vacate an Order from a Texas state court issued January 26, 2022, declaring her a vexatious litigant and enjoining her from filing suit in any Texas court pertaining to the same factual matter in this cause or against these same defendants without prior authorization. *See ECF No. 18*.

    In essence, Alanis requests this Court act as an appellate court to vacate a state court order. Alanis must follow the Texas Rules of Civil and Appellate Procedure to challenge this Texas state court order. Alanis's Motion is denied.

3. **Defendants' Motions to Dismiss for Failure to State a Claim**

    Because Alanis failed to respond to the Cronenwett Defendants' Motion to Dismiss for

Failure to State a Claim and the Wells Fargo Defendants' Motion to Dismiss for Failure to State a Claim, this Court shall grant these Motions to Dismiss as unopposed pursuant to Local Rule CV-7(d)(2). This Court will not exercise its discretion to address the substantive merits of the Cronenwett Defendants' or the Wells Fargo Defendants' unopposed Motions to Dismiss.

## CONCLUSION

The Cronenwett Defendants' Motions to Dismiss shall be **GRANTED** as unopposed. Accordingly, Alanis's request for Temporary Restraining Order and Injunctive relief are **DISMISSED WITH PREJUDICE AS MOOT**. Defendants' Motion to Transfer Case to Judge Ezra is **DENIED**. Alanis's Motion for Leave to File Amended Complaint is **DENIED**. Alanis's Motion for Leave to Vacate Wells Fargo's Order is **DENIED**. Alanis's causes of action that are or may be asserted based upon the facts supporting this action are **DISMISSED WITH PREJUDICE**. Any other pending motions are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED TO CLOSE THE CASE** and **ENTER FINAL JUDGMENT**.

It is so ORDERED.
SIGNED this 17th day of February, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE