UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**NANCY ALANIS,**

  *Plaintiff*,

v.                                                              Case No. SA-21-CV-01261-JKP

**WELLS FARGO BANK, N.A., WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-NC3 MORTAGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC3; MACKIE WOLF ZIENTZ & MANN, PC, AS DEBT COLLECTOR; MARK D. CRONENWETT, RICHARD DWAYNE DANNER,**

  *Defendants*.

**O R D E R**

Before the Court is Plaintiff Nancy Alanis's motion styled: Plaintiff's Motion for Rule 59(e) and Rule 60(b)(1)(3)(4)(6), Vexatious Litigant Order and Orders on Motions to Dismiss, Motion for Leave to File Amended Complaint, Alanis "Causes of Action" and Objections. *ECF No. 29.* Defendants Responded and Plaintiff Replied. *ECF Nos. 31, 36.* Upon consideration, the motion, construed as a Motion to Alter Judgment filed pursuant to Federal Rule 59(e) is DENIED. Upon consideration, the motion, construed as a Motion for Relief from Judgment or Order filed pursuant to Federal Rule 60 is DENIED.

**BACKGROUND**

This case arose out of a foreclosure dispute between Plaintiff Nancy Alanis and Defendants. Alanis asserted causes of action of violation of her due process and equal protection rights under 42 U.S.C. §§1983 and 1988, conversion of personal property and reckless damage or destruction, violations of Texas Theft Liability Act, violations of the Fair Debt Collections Act, fraud, fraudulent lien, tortious interference with a contract, trespass to try title, conspiracy, and she sought Declaratory Judgment declaring void numerous judgments of the Texas state courts and bankruptcy courts. *See ECF No. 1*.

On February 17, 2022, pursuant to Local Rule CV-7(d)(2), this Court granted as unopposed the Defendants' Motions to Dismiss for Failure to State a Claim because Alanis failed to respond to either Motion. *ECF No. 26*. This Court declined to exercise its discretion to address the substantive merits of Defendants' unopposed Motions to Dismiss due to the extensive litigation history of the case which had already discussed and disposed of the asserted causes of action. *Id*.

In the same Order, this Court denied Alanis's Motion for Leave to File an Amended Complaint.[1] *Id*. Based upon the extensive litigation history of the facts and circumstances forming the basis of this action, which encompassed numerous state court and federal court actions involving the same parties, this Court found Alanis had been given every opportunity to present all possible pertinent causes of action and to formulate her causes of action with careful and detailed drafting. Because Alanis's claims in the numerous prior lawsuits and the present suit were based on the same nucleus of operative facts, the Court concluded she could have brought the

---

[1] Alanis did not file a Response to the Motions to Dismiss; however, she did file a Motion for Leave to Amend her Complaint, as well as a Response to the Motion to Declare Alanis a Vexatious Litigant. ECF Nos. 15, 16, 17.

claims she asserted or sought to assert in the proposed Amended Complaint in her Original Complaint and in any of the previous lawsuits. For this reason, this Court found the interest of justice would not be served by granting Alanis leave to amend her Complaint. *See id.; see also Hitt,* 561 F.2d at 608–09.

On the same date, February 17, 2022, and in a separate Order, this Court granted Wells Fargo's Motion to Declare Plaintiff a Vexatious Litigant. *ECF No. 25*. This Court thoroughly depicted the extensive litigation history pertaining to the same foreclosure that is the subject of this suit. Based upon this litigation history, Alanis has been designated a vexatious litigant in Texas state court matters. Based upon this same litigation history, this Court found cause to designate Alanis as a vexatious litigant in federal court within the Western District of Texas. *Id.*

On March 2, 2022, Alanis filed the instant Motion. *ECF No. 29*. Initially, this filing was inadvertently entered into the Court's docket styled: "Motion for Leave to Amend Complaint." On March 8, 2022, Alanis filed a Motion to Correct Docket Entry #29. *ECF No. 30*. Alanis's Motion requested the docket entry be changed to reflect the intent and substance of the Motion, as well as other relief pertaining to the substance of her claims. On March 22, 2022, by Text Order, this Court granted in part and denied in part Alanis's Motion to Correct Docket Entry #29. The docket entry notation for the instant Motion was thereby changed to "Motion to Alter Judgment" to accurately reflect Alanis's styling and the substance of the Motion, itself.

With this clarification, the Court will address the instant Motion as intended, as a Motion to Alter Judgment filed pursuant to Federal Rule 59(e), and in the interest of caution and finality, as a Motion for Relief from Judgment or Order filed pursuant to Federal Rule 60(b) as well. The Court notes that regardless of the docket entry notation or even the title of the Motion given by

the movant, the Court will always address a Motion according to its substance and the arguments presented, not its title or its docket entry designation.

## DISCUSSION

### I. Motion Construed as a Motion to Alter Judgment filed pursuant to Federal Rule 59(e)

#### Legal Standard

Through Federal Rule 59(e), litigants may move to alter or amend a judgment if the motion is filed within twenty-eight days of the entry of Final Judgment. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Federal Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See id*. (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given its corrective function, courts generally utilize Federal Rule 59(e) "only to reconsider matters properly encompassed in a decision on the merits." *Banister*, 140 S. Ct. at 1703. A Federal Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. NW. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" courts "will not address new arguments or evidence that the moving party could have raised before the decision issued." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. at 450 & n. 2.

A Federal Rule 59(e) motion is limited to this narrow purpose, and therefore, courts sparingly use the extraordinary remedy. *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020). Courts, nevertheless, have considerable discretion in deciding whether to

reopen a case under Federal Rule 59(e). *Id.* (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

## Analysis

Alanis seeks to modify or set aside three separate Orders of this Court: (1) Order denying her Motion for Leave to File an Amended Complaint; (2) Order granting Defendants' Motions to Dismiss; and (3) Order granting Defendants' Motion to Declare Alanis a Vexatious Litigant. Although presented together, the Court will address each request for reconsideration separately.

### A.    Alanis's Motion for Leave to Amend Complaint

Alanis argues this Court erred by denying her Motion for Leave to Amend her Complaint because she sought to add new parties and new claims that became ripe during the pendency of this action and after Wells Fargo executed a possession order on December 10, 2021.

To begin, Federal Rule 59(e) is not a proper vehicle to address Alanis's arguments. Federal Rule 59(e) holds a narrow corrective function under which courts only "reconsider matters properly encompassed in a decision on the merits." *Banister*, 140 S. Ct. at 1703; *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. at 451. In determining Alanis's Motion for Leave to Amend Complaint, this Court considered issues collateral to the asserted causes of action. Federal Rule 59(e) does not apply to these collateral, nonsubstantive matters. *See White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. at 451; *see also Deus v. Allstate Ins. Co.*, 15 F.3d 506, 522 (5th Cir. 1994). Consequently, Alanis's Federal Rule 59(e) motion seeking to alter this Court's Order denying her Motion for Leave to Amend Complaint is denied on this basis.

Further, even if the Motion for Leave to Amend could be construed to be a matter encompassing a decision on the substantive merits, Alanis presents no argument from which this Court might determine it committed either a manifest error of law or fact, nor does she present any newly discovered evidence. *See T. B. ex rel. Bell*, 980 F.3d at 1051. Alanis presents the same arguments presented previously to support the Motion for Leave to Amend the Complaint. This Court already reviewed and addressed these same arguments and determined leave to amend the Complaint was not appropriate. Further, Alanis's argument that she seeks to add new parties and new claims that became ripe during the pendency of this action and after Wells Fargo executed a possession order on December 10, 2021, lacks merit because she filed this action on December 17, 2021. Because Alanis fails to present any argument or evidence of manifest error of law or fact, this Court denies Alanis's Motion to Alter Judgment as it pertains to the Court's Order denying Alanis's Motion for Leave to Amend the Complaint.

**B.     Order on Defendants' Motions to Dismiss**

    **1.   Consideration of Documents in the Public Record.**

Without presentation of argument of manifest error of law or fact or any newly discovered evidence, Alanis contends this Court erred in granting Defendants' Motion to Dismiss because it "relied on unrelated pleadings not referenced in the complaint." ECF No. 29, par. 5.

In determination of a Federal Rule 12(b)(6) motion to dismiss, a court may rely on the complaint, its proper attachments, and documents incorporated into the complaint by reference, but it can also rely on matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). Federal Rule of Evidence 201 provides a court may take judicial notice of an adjudicative fact if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources who accuracy cannot be questioned." Documents

from prior litigation and matters arising therefrom are public records of which any court can take judicial notice. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

The documents of which Alanis complains are filings from prior litigation. Because this Court properly took judicial notice of judicial records, Alanis fails to show manifest error of law or fact. Because Alanis fails to present any argument or evidence of manifest error of law or fact, this Court denies Alanis's Motion to Alter Judgment as it pertains to the Court's Order on the Motions to Dismiss.

### 2. Whether Alanis Received Defendants' Motions to Dismiss

Without presentation of argument of manifest error of law or fact or any newly discovered evidence, Alanis argues she "was deprived due process and equal protection of the laws when the Court concluded in error, she was not compliant with federal and local rules and failed to respond to motions to dismiss."

In response to Alanis's instant Motion, Defendants present undisputed evidence Alanis received the Motion to Dismiss emailed to her. The docket in this case reveals Defendants' Motions to Dismiss were docketed at the time filed. Consequently, Alanis is presumed to have received notice of the filing of the Motions to Dismiss at the time they were filed and docketed. Finally, the docket reveals Alanis filed a Response to the Motion to Declare Alanis a Vexatious Litigant filed at the same time as a Motion to Dismiss, and filed a Motion for Leave to Amend Complaint at the same time her Response to the Motion to Dismiss was due. *ECF Nos. 15, 16, 17*.

To the extent Alanis presents other arguments to support a Motion to Alter Judgement under Federal Rule 59(e), she presents no argument or evidence of manifest error of law or fact.

Based upon the record and the undisputed evidence presented, Alanis fails to present manifest error of law or fact. Consequently, this Court denies Alanis's Motion to Alter Judgment as it pertains to the Court's Order granting Defendants' Motions to Dismiss.

### C. Order Declaring Alanis a Vexatious Litigant

Alanis argues this Court erred by granting Defendant's Motion to Declare Alanis a Vexatious Litigant.

As discussed with the Motion for Leave to Amend Complaint, Federal Rule 59(e) is not a proper vehicle to address Alanis's arguments. Federal Rule 59(e) holds a narrow corrective function under which courts only "reconsider matters properly encompassed in a decision on the merits." *Banister*, 140 S. Ct. at 1703; *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. at 451. In determining Defendant's Motion to Declare Alanis a Vexatious Litigant, this Court considered issues collateral to the substantive merits of the asserted causes of action. Federal Rule 59(e) does not apply to these collateral, nonsubstantive matters. *See White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. at 451; *see also Deus v. Allstate Ins. Co.*, 15 F.3d at 522. Consequently, this Court denies Alanis's Motion to Alter Judgment as it pertains to the Court's Order granting Wells Fargo's Motion to Declare Alanis a Vexatious Litigant.

### II. Motion Construed as a Motion for Relief from Judgment or Order filed pursuant to Federal Rule 60

Alanis conflates the same arguments presented to support her motion under Federal Rule 59(e) as support for her motion under Federal Rule 60(b)(1),(3),(4), and (6).

Federal Rule 60(b) (1) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The movant seeking relief under Federal Rule 60(b)(1) has the burden of establishing mistake or excusable neglect. *Cartman v. Hunt County Tex.*, No. 3:15-CV-481-L, 2015 WL 3794448, at *1 (N.D. Tex. June 18, 2015). This mistake or excusable neglect refers to the movant's or counsel's error and does not pertain

to alleged mistake committed by the Court. *See id*. "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. United States Serv.,* 769 F.2d 281, 286 (5th Cir. 1985). Federal Rule 60(b)(1) also allows the court to set aside a final judgment for "any other reason that justifies relief" but is reserved for "exceptional circumstances." *Steverson v. Global Santa Fe Corp.,* 508 F.3d 300, 303 (2007).

The movant seeking relief under Federal Rule 60(b)(3) must establish: (1) the adverse party engaged in fraud or other misconduct, and (2) this misconduct prevented the moving party from fully and fairly presenting his case. Fed. R. Civ. P. 60(b)(3); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005); *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place,* 62 F.3d 767, 772 (5th Cir.1995). The moving party has the burden of proving the misconduct by clear and convincing evidence, and the conduct complained of must be such as to prevent the losing party from fully and fairly presenting its case. *Longden v. Sunderman,* 979 F.2d 1095, 1103 (5th Cir. 1992); *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir. 1978). The purpose of the rule is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect. *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995).

The movant seeking relief under Federal Rule 60(b)(4) must establish entitlement to relief from judgment because the judgment is void. Fed. R. Civ. P. 60(b)(4). There exist two circumstances in which a judgment may be set aside under Federal Rule 60(b)(4): (1) if the Court lacked subject matter or personal jurisdiction; and (2) if the Court acted in a manner inconsistent with due process of law. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003); *see also Jackson v. FIE Corp.,* 302 F.3d 515, 521–22 (5th Cir. 2002). Finally, Federal Rule 60(b)(6) is a "catch-all" provision used to encompass any matter not enumerated in the pre-

ceding provisions. However, Federal Rule 60(b)(6) cannot be invoked when relief is sought under one of the other grounds enumerated in Federal Rule 60. *Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed. Appx. 372, 374 (5th Cir. 2013); *Hess v. Cockrell,* 281 F.3d 212, 215 (5th Cir. 2002). The decision to grant or deny relief under Federal Rule 60(b) lies within the sound discretion of the district court. *Brittingham*, 543 Fed. Appx. at 373 (5th Cir. 2013).

**Analysis**

Even when liberally construed in the light of her *pro se* status, Alanis does not satisfy the proof or meet the standards of Federal Rule 60(b)(1), (3), (4), or (6). First, Alanis fails to show this Court's challenged Orders or this Court's judgment should be vacated pursuant to Federal Rule 60(b)(1) based upon her own excusable neglect or mistake. Alanis advances only arguments of the Court's mistake as basis for relief from the Orders and Final Judgment. Next, Alanis fails to show Defendants' fraud or other misconduct prevented her from fully and fairly presenting her case or from presenting adequate response to the Motions to Dismiss or Motion to Declare Alanis a Vexatious Litigant. Alanis argues only that Defendants committed fraud and misconduct in the foreclosure proceedings that are the subject of this suit and presents no argument of misconduct during the litigation of this matter. To the extent Alanis argues she was deprived of due process of law because she did not receive notice of the Motions to Dismiss and thereby failed to respond to them, this argument fails for the reasons stated. The undisputed evidence and the docket sheet reveal Alanis received notice of the filing of the Motions to Dismiss and was provided ample time to respond.

For these reasons, the Court finds no basis to modify or set aside its Order denying Alanis's Motion for Leave to Amend Complaint, Order granting Wells Fargo's Motion to Declare

Alanis a Vexatious Litigant, or Order granting Defendants' Motion to Dismiss and Final Judgment pursuant to Federal Rule 60(b)(1), (3), (4), or (6).

## CONCLUSION

For the reasons stated, Nancy Alanis's "Motion for Rule 59(e) and Rule 60(b)(1)(3)(4)(6), Vexatious Litigant Order and Orders on Motions to Dismiss, Motion for Leave to File Amended Complaint, Alanis 'Causes of Action' and Objections" is DENIED.

It is so ORDERED.
SIGNED this 25th day of March, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE