IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NANCY ALANIS § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | |
| WELLS FARGO BANK, N.A., WELLS § | |
| FARGO BANK, NATIONAL § | |
| ASSOCIATION, AS TRUSTEE FOR THE § | |
| POOLING AND SERVICING § | Case No.: 5:21-cv-01261-JKP |
| AGREEMENT DATED AS OF § | |
| OCTOBER 1, 2006 SECURITIZED § | |
| ASSET BACKED RECEIVABLES LLC § | |
| TRUST 2006-NC3 MORTGAGE PASS- § | |
| THROUGH CERTIFICATES, SERIES § | |
| 2006-NC3; MACKIE WOLF ZIENTZ & § | |
| MANN, PC, AS DEBT COLLECTOR; § | |
| MARK D. CRONENWETT, RICHARD § | |
| DWAYNE DAANNER, § | |
| § | |
| Defendants. § | |

**MOTION FOR CONTEMPT AND SANCTIONS
AGAINST PLAINTIFF NANCY ALANIS BY DEFENDANTS
<u>MARK D. CRONENWETT AND MACKIE, WOLF, ZIENTZ & MANN, PC</u>**

Defendants Mark D. Cronenwett and Mackie Wolf Zientz & Mann, P.C. (hereinafter "Defendants") files this their *Motion for Contempt and Sanctions Against Plaintiff Nancy Alanis*. Defendants respectfully show the Court as follows:

**I.   SUMMARY**

1.   This Court determined that Plaintiff Nancy Alanis ("Plaintiff" or "Alanis") is a vexatious litigant and ordered her not to file any new claims in the Western District of Texas without prior court approval. In direct contravention of this Court's order, she has filed in the Western District of Texas, in a case pending before judge Biery, the same claims that were previously disposed of by

this Court in the instant actions, as well as by other Courts in other suits filed by Plaintiff. Plaintiff must be held accountable for her conduct and be sanctioned.

## II. RELEVANT PROCEDURAL BACKGROUND

2. This case arises out of a protracted litigation history based upon a foreclosure dispute pertaining to Plaintiff's mortgage loan secured by residential real property.[1] In the chart below, Defendants identify the many prior lawsuits filed by Plaintiff regarding this mortgage loan.

| INITIATION DATE | PARTIES | COURT | NATURE OF PROCEEDING | DISPOSITION |
|---|---|---|---|---|
| February 22, 2011 | Nancy Alanis v. Trustee, Mackie Wolf Zientz & Mann PC ("Mackie Wolf"), Ocwen and HomeEq Servicing Corporation | 45th District Court of Bexar County, Texas; Cause No. 2011-CI-02839 | Lawsuit challenging Trustee's right to foreclose and asserting claims for fraud, civil conspiracy, violations of Section 12.002 of the TEX. CIV. PRAC. & REM. CODE ("CRPC"), unjust enrichment, trespass to try title, intentional infliction of emotional distress, violations of the Texas Debt Collection Act, and declaratory judgment ("2011 | March 3, 2016, judgment entered judicially foreclosed on the Deed of Trust, and ordered the Bexar County Sheriff Department to conduct a sale of the Property ("2016 Final Judgment"). |

---

[1] This property is commonly known as 13210 Hunters View, San Antonio, Texas 78230, and more particularly described as:

LOT 2, BLOCK 6, NEW CITY BLOCK 16984, HUNTERS CREEK NORTH, UNIT-3, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 8200, PAGE(S) 215-216, OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

| | | | | |
|---|---|---|---|---|
| | | | Lawsuit"). Plaintiff proceed to file Seven Amended Petitions. | |
| March 8, 2016 | Nancy Alanis v. Trustee, Mackie Wolf, Ocwen and HomeEq Servicing Corporation | 4th Court of Appeals, Texas, San Antonio; Appeal No. 04-16-00121 | Appeal of the 2016 Final Judgment | April 4, 2018, Memorandum Opinion affirming the 2016 Final Judgment ("2018 Court of Appeals Order). December 7, 2018, Mandate issued ("2011 Lawsuit Mandate"). |
| July 27, 2018 | Nancy Alanis v. trustee, Mackie Wolf, Ocwen and HomeEq Servicing Corporation | Texas Supreme Court; Appeal No. 18-0617 | Petition for Review of the 2016 Final Judgment | August 31, 2018, petition for review denied ("2018 Denial of Petition for Review). November 30, 2018, motion for re-hearing denied ("2018 Supreme Court of Texas Order"). |
| January 14, 2019 | Trustee v. Nancy Alanis | Bexar County Court at Law No. 10; Cause No. 2019-CV-00584 | Eviction proceedings | March 26, 2019, final judgment for possession in favor of Trustee ("Eviction Judgment"). |
| June 24, 2019 | Nancy Alanis v. Trustee | 4th Court of Appeals, Texas, San Antonio; Appeal No. 04-19-00461-CV | Appeal of the Eviction Judgment | June 15, 2021, affirmed the Eviction Judgment ("Eviction Mandate") |
| February 8, | Nancy Alanis | Texas | Petition for | March 19, 2021, |

| | | | | |
|---|---|---|---|---|
| 2021 | v. Trustee | Supreme Court; Appeal No. 20-0798 | Review of affirmed Eviction Judgment | petition for review denied ("2021 Denial of Petition for Review). June 11, 2021 motion for rehearing denied ("Denial of Motion of Rehearing"). |
| April 6, 2021 | Nancy Alanis v. Trustee | Texas Supreme Court; Appeal No. 21-0311 | Petition for Writ of Mandamus | May 14, 2021, denied ("Denial of Petition for Writ of Mandamus). July 9, 2021, denied amended motion for rehearing ("Denial of Motion for Rehearing of Writ Denial). |
| February 14, 2019 | Nancy Alanis v. Trustee, Ocwen, Mackie Wolf | 45th District Court of Bexar County, Texas; Cause No. 2019-CI-03042 | Petition for Bill of Review to collaterally attack and set aside the 2016 Final Judgment. ("2019 Lawsuit") | August 2, 2019, order disposing of all issues and all parties ("2019 Final Judgment"). |
| October 28, 2019 | Nancy Alanis v. Trustee, Ocwen, Mackie Wolf | 4th Court of Appeals, Texas, San Antonio, Texas; Appeal No. 04-19-00764-CV | Appeal of the 2019 Final Judgment. | April 29, 2020, Memorandum Opinion affirming the 2019 Final Judgment, finding that Plaintiff's claims asserted in the 2019 Lawsuit were barred by res judicata ('2020 Court of Appeals |

| | | | | |
|---|---|---|---|---|
| | | | | Order"). June 15, 2021, Mandate issued affirming the 2019 Final Judgment ("2019 Lawsuit Mandate"). |
| February 9, 2021 | Nancy Alanis v. Trustee, Ocwen, Mackie Wolf | Texas Supreme Court; Appeal No. 20-0803 | Petition for Review of the affirmed 2019 Final Judgment | March 12, 2021, denied ("2021 Denial of Petition for Review of the 2020 Court of Appeals Order). June 11, 2021 denied motion for rehearing ("2021 Denial of Rehearing Regarding the 2020 Court of Appeals Order"). |
| April 30, 2021 | Nancy Alanis v. Wells Fargo, Trustee, Danner, Mackie Wolf, Jeffrey A. Hiller, Ocwen, Cronenwett | United States District Court for the Western District of Texas, San Antonio, Case No. 5:21-cv-00433-DAE | Lawsuit challenging Trustee's right to foreclose and asserting claims for fraud, violation of RICO, violation of civil conspiracy, violation of Section 12.002 of the TEX. CIV. PRAC. & REM. CODE ("CPRC"), violation of Fair Debt Collection Practices Act, quiet title and declaratory judgment ("2021 Federal | August 17, 2021 dismissal of all claims with prejudice |

| | | | Action"). | |
|---|---|---|---|---|
| October 1, 2021 | Nancy Alanis v. Wells Fargo, Trustee, and Cronenwett | 150th Judicial District Court of Bexar County, Texas; Cause No. 2021-CI-20923 | Lawsuit challenging Trustee's title and standing to foreclose, asserts claims for quiet title, trespass to title, fraud, tortious interference with a contract and declaratory judgment ("2021 State Court Action") | December 30, 2021 Court granted Alanis' notice of nonsuit of claims without prejudice. January 26, 2022 Ordered sanction to declare Plaintiff a vexatious litigant and permanently enjoined Plaintiff. |
| October 6, 2021 | Nancy Alanis v. Wells Fargo, Trustee, and Cronenwett | United States District Court for the Western District of Texas, San Antonio, Case No. 5:21-cv-00952-FB | Lawsuit based on Cronenwett's representation of Ocwen Loan Servicing, LLC and Wells Fargo in previous lawsuits brought by Alanis. Alanis alleged Cronenwett "schemed" with Wells Fargo to obtain a March 3, 2016, foreclosure order in state court | October 8, 2021 Remanded to state court for lack of diversity jurisdiction |
| December 17, 2021 | Nancy Alanis v. Wells Fargo, Trustee, Cronewett, Danner, Mackie Wolf | United States District Court for the Western District of Texas, San Antonio Division, Case No. SA-21-CV-01261 | Lawsuit challenging Trustee's standing to foreclose, title, asserting claims for fraud, violation of Section 12.002 of the CPRC, tortious | February 17, 2022 Ordered sanction to declare Plaintiff as a vexatious litigant and enjoin Nancy Alanis from filing any civil lawsuit. February 17, |

| | | | | |
|---|---|---|---|---|
| | | | interference with a contract, trespass to try title, quiet title, conspiracy. Alanis also complained of damage and conduct related to the eviction and asserted claims for violation of due process, conversion and violation of the Texas Theft Liability Act. | 2022 Court granted motion to dismiss, denied Plaintiff's motions, and dismissed with prejudice all of Plaintiff's causes of actions that are or may be asserted based upon the facts supporting the action. |
| March 31, 2022 | Nancy Alanis v. Wells Fargo, Mackie Wolf, Cronenwett, Danner | United States Fifth Circuit Court of Appeals, Appeal No. 22-50246 | Appeal of the 2021 Final Judgment. | January 31, 2023 Affirmed the judgment of the district court. |

3.  As indicated above, on February 17, 2022, this Court in the instant Civil Action Number, entered its order to declare Plaintiff a vexatious litigant. This order enjoined Plaintiff from filing any civil lawsuit in the Western District of Texas without first obtaining permission from a judge of the Western District of Texas. (*See* **Exhibit A**). The same day, this Court dismissed with prejudice all of Plaintiff's causes of actions that are or may be asserted based upon those facts supporting the action. (*See* **Exhibit B**). These orders were affirmed by the Fifth Circuit Court of Appeals. (*See* **Exhibit C**).

4.  As indicated above, on January 26, 2022, the 150th District Court of Bexar County, Texas entered its order in Cause No. 2021-CI-20923 to declare Plaintiff a vexatious litigant. (*See* **Exhibit D**). This order permanently enjoined Plaintiff from filing any future

litigation or pleadings in any state court, pertaining to any claims asserted in this matter concerning the real property located at 13210 Hunters View, San Antonio, Texas (the "Hunters View Property"), and/or against any of the named defendants in any prior litigation commenced by Plaintiff and involving the Property, without first securing the Court's written authorization for filing or pleading. (*See Exhibit D*).  Notably, Plaintiff's claims in the instant suit concerned this same Hunters View Property at issue in Cause No. 2021-CI-20923 in the 150th District Court.

5. On May 18, 2023, Plaintiff filed a new lawsuit by her Original Petition (the "Petition") bearing Cause No. 2023-CI-09925 in the 45th Judicial District Court of Bexar County, Texas, styled *Nancy Alanis v. U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE6 Nationstar Mortgage, LLC d.b.a. Mr. Cooper*. (*See* **Exhibit E**). Plaintiff's claims in Cause No. 2023-CI-09925 in the 45th District Court concerned a home equity loan on a different property, namely, 1040 Blanco Rd, San Antonio, Texas 78212 ("the Blanco Road Property").

6. On June 12, 2023, Defendant U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE6 ("U.S. Bank") and Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") timely removed Cause No. 2023-CI-09925 to the United States District Court, Western District of Texas, Case No. 5:23-cv-00749-FB-HJB, (hereafter "Judge Biery's Case") due to federal question jurisdiction raised by Plaintiff's claims of Defendants' alleged violations of RESPA and the Truth-in-Lending Act, both federal statutes. (*See* **Exhibit F**).

7. On September 5, 2023, Mark D. Cronenwett communicated with Mena Ramon, General Counsel of the Bexar County Office of Court Administrator. Mr. Cronenwett notified her that Nancy Alanis was not listed as a vexatious litigant by the OCA and requested that the OCA declare Plaintiff to be a vexatious litigant, citing the two enclosed orders from the 150th District Court of Bexar County and Western District of Texas that declared Plaintiff as a vexatious litigant. (*See* **Exhibit G**).

8. On October 25, 2023, Plaintiff in Judge Biery's Case, without requesting leave of Judge Biery or informing him of Your Honor's Vexatious Litigant Order, filed her Verified First Amended Complaint, adding claims concerning the Hunters View Property and joining as defendants PHH Mortgage Corporation, Ocwen Loan Servicing, LLC, Wells Fargo Bank, N.A., Mark D. Cronenwett, and Mackie Wolf Zientz & Mann, PC due to alleged "new evidence obtained in 2023" (*See* **Exhibit H**). Plaintiff added claims against these defendants for fraud, violations of Section 12.002 of the Texas Civil Practice and Remedies Code, tortious interference with a contract, conspiracy, and theft that involved the Property. *Id.* Alanis also asserted claims for violations of other federal statutes and due process, as well as violation of the Texas Theft Liability Act. *Id.*

9. By adding barred claims in federal court and ignoring Your Honor's Vexatious Litigant Order, Plaintiff has wholly failed to comply with the VexatOrder entered by this Court. It is appropriate for this Court to hold Plaintiff in contempt due to Plaintiff's failure to obey and outright refusal to adhere to the Order. Defendants additionally request this Court to impose sanctions on Plaintiff by ordering Plaintiff to pay Defendants $20,000.00 for her violation of the Order.

### III. RELIEF REQUESTED

**A.     Plaintiff violated the Vexatious Litigant Order and should be held in contempt.**

10.     A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order. *See Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 581-82 (5th Cir. 2005). The evidence must be "so clear, direct, and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy of the truth of the precise facts of the case." *See Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). The relevant conduct need not to be willful so long as the respondent actually failed to comply with the court's order. *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

11.     Here, all three requirements for civil contempt are met. First, there was a Vexatious Litigant Order entered by this Court on February 17, 2022. Plaintiff was aware of the Vexatious Litigant Order. In Plaintiff's Verified First Amended Complaint, Plaintiff makes repeated mention of the state and federal orders intended to bar her from filing on these claims. (*See Exhibit H* at ¶¶ 39, 49, 134, 239, 269, 707). Second, the Vexatious Litigant Order expressly restrained Plaintiff from filing any new civil lawsuit in the Western District of Texas. (*See* Case No. SA-21-CV-01261-JKP, *Exhibit A*). This Court stated that "these duplicative lawsuits based upon the same operative facts no longer have any good faith basis and are now based in bad faith," and were "duplicative, harassing, and burdensome" to both This Court and the Defendants, and that the best remedy was the Vexatious Litigant Order to restrain Plaintiff from filing any civil lawsuit without this Court's permission. *Id.* Finally, by filing a new suit in state

court concerning the Blanco Road Property, and then amending her Complaint to include the enjoined and priorly dismissed operative facts and causes concerning the Hunters View Property against the same defendants, Plaintiff has attempted to circumvent this Court's instruction and has violated the Order of this Court. Plaintiff also has attempted to circumvent the state court's Vexatious Litigant Order in Cause No. 2021-CI-20923 in the 150th District Court, by amending her claims in federal court to include those facts and causes of action she was barred from filing in state court.

12. Accordingly, all three elements for civil contempt are met and Plaintiff should be held in contempt for her violations to the Vexatious Litigant Order.

**B.  Sanctions should be imposed on Plaintiff.**

13. Upon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained. *See Am. Airlines* at 585 (5th Cir. 2000). Monetary sanctions for civil contempt do not serve a punitive purpose, but a remedial one, which is to compensate for the damages sustained. *Id.* For that reason, appropriate sanctions can include the sum of a financial loss to reimburse the injured party for the losses flowing from noncompliance and expenses reasonably and necessarily included in the attempt to enforce compliance. *See Young Again Prods. v. Acord*, No. H-09-282, 2013 U.S. Dist. LEXIS 187188 at *14 (S.D. Tex. Mar. 5, 2013) (citing *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977).

14. Here, an appropriate sanction for Plaintiff's contempt and violations to the Vexatious Litigant Order, is an award of coerced compliance in the form of dismissal of all claims in federal court related to this matter and these named parties. As discussed above, Plaintiff knew about the prohibitions contained in the Vexatious Litigant Order and still she

refused to comply. Plaintiff was expressly warned by this Court that she was required to obtain permission from a judge of the Western District of Texas before filing any civil lawsuit in this Court. (*See Exhibit A*.) Despite orders from both state and federal courts to not file or file in their respective jurisdictions regarding the Property, Plaintiff amended her Complaint in this Court on the same causes of action and parties intended by this Court to be barred to her. Her conduct shows a clear pattern of disrespect and noncompliance with the orders and mandates from this Court. Accordingly, Plaintiff should be sanctioned.

15. Plaintiff's contempt with the Vexatious Litigant Order entered by this Court has resulted in Defendants incurring additional attorney's fees for the defense from Plaintiff's claims and the enforcement of the Vexatious Litigant Order. Defendants further request a sanction of $20,000.00 due to Plaintiff's violation of this Court's Vexatious Litigant Order.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff be held in civil contempt, sanctioned as requested above, and that Defendants be awarded all other relief to which they may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650

**ATTORNEYS FOR DEFENDANTS MARK D. CRONENWETT AND MACKIE WOLF ZIENTZ & MANN, P.C.**

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 11(C)(2)

I hereby certify that a true and correct copy of the foregoing instrument was mailed by United States certified mail to Plaintiff Nancy Alanis on January 30, 2024. Included in this mailing was a demand that Plaintiff dismiss her claims against Mark D. Cronenwett and Mackie Wolf Zientz & Mann, PC in Civil Action No. Case No. 5:23-cv-00749-FB-HJB, within 21 days. More than 24 days have passed, and Plaintiff has not complied with this demand. Therefore, this Motion is presented to the Court for determination.

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following on February 26, 2024, in the manner indicated:

**VIA CM/RRR#9314 7699 0430 0117 7673 05**
Nancy Alanis
P.O. Box 15521
San Antonio, Texas 78212

**VIA CM/RRR#9314 7699 0430 0117 7673 98**
Nancy Alanis
P.O. Box 15524
San Antonio, Texas 78212
*Plaintiff, pro se*

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**